

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00548-CV

Luis G. **SEGURA**,
Appellant

v.

Luis **SEGURA**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2021CV02922
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:      Beth Watkins, Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: April 20, 2022

DISMISSED FOR WANT OF JURISDICTION

This is an appeal in a forcible detainer action. Appellant Luis G. Segura challenges the Bexar County Court at Law's November 19, 2021 judgment of possession in favor of appellee Luis Segura. We conclude this appeal is moot and dismiss it for want of jurisdiction.

## BACKGROUND

On July 13, 2021, appellee filed a forcible detainer action in a Bexar County justice court, seeking to evict appellant on the grounds that appellant had failed to pay rent for three years and had unlawfully failed to vacate at the end of the rental term. Appellant filed an answer and a

Statement of Inability to Afford Payment of Court Costs or an Appeal Bond, and he appeared at the hearing on appellee's petition. On July 30, 2021, the justice court signed a judgment of eviction awarding possession of the premises to appellee.

Appellant appealed to the county court at law. After a hearing at which appellee appeared but appellant did not, the county court at law signed a November 19, 2021 default judgment awarding possession of the premises to appellee. Appellant filed a motion to set aside the default judgment and a motion for new trial. He also filed a motion to set a supersedeas bond, and the county court at law set the amount of that bond at $4,500. On November 30, 2021, appellant filed a motion objecting to the amount of the bond, arguing that he was indigent and had no assets with which to pay the bond. The record does not indicate whether the county court at law ever heard that motion.

Appellant timely appealed the county court at law's judgment to this court. On December 10, 2021, the Bexar County Clerk issued a writ of possession. On January 7, 2022, the Bexar County Constable executed the writ and delivered possession of the property to appellee.

ANALYSIS

*Applicable Law*

The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* TEX. PROP. CODE ANN. § 24.001–.002. A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction is wrongful. *Marshall*, 198 S.W.3d at 787. When a forcible detainer defendant fails to file a supersedeas bond in the amount set by the county court at law, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786.

In an appeal to this court from a county court at law's judgment of eviction, a party's indigence does not relieve him of the obligation to file a supersedeas bond. *See* TEX. PROP. CODE § 24.007 ("A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court."); *Johnson v. Freo Tex. LLC*, No. 01-15-00398-CV, 2016 WL 2745265, at *2 (Tex. App.—Houston [1st Dist.] May 10, 2016, no pet.) (mem. op.). If the appellant fails to supersede the judgment and loses possession of the property, the appeal is moot unless he: (1) timely and clearly expressed his intent to appeal and (2) asserted "a potentially meritorious claim of right to current, actual possession of the [property]." *See Marshall*, 198 S.W.3d at 786–87.

### *Application*

Here, the record appears to show that appellant failed to file a supersedeas bond in the amount paid by the county court at law within ten days of the judgment. The record also appears to show that the writ of possession was executed and appellee took possession of the premises. As a result, we ordered appellant to file a written response by March 28, 2022 explaining: (1) whether the writ of possession was executed; and (2) why this appeal should not be dismissed as moot. Appellant did not respond to our order. Because appellant has not shown he has a potentially meritorious claim of right to current, actual possession of the premises, we conclude his appeal is moot. *See id.*; *Stone v. K Clark Prop. Mgmt. LLC*, No. 04-20-00124-CV, 2020 WL 2139294, at *2 (Tex. App.—San Antonio May 6, 2020, no pet.) (mem. op.). We therefore dismiss this appeal for want of jurisdiction.

PER CURIAM